Filed 12/9/24  N.C. v. E.K. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| N. C.,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>E. K.,<br><br>        Defendant and Appellant. | A168682<br><br><br>(San Mateo County Super. Ct. No. 22-FAM-02111) |

N.C. filed a request for a domestic violence restraining order against her former fiancé, E.K.  The trial court granted the relief N.C. requested, and then awarded N.C. prevailing party attorney fees under Family Code section 6344.[1]  E.K. appeals from the fees award, primarily contending that the trial court misconstrued section 6344, and challenging the sufficiency of the evidence to support the trial court's finding that he was able to pay $20,000 in fees.  We affirm.

### BACKGROUND

### A.

E.K. and N.C. began dating in 2016 and separated in October 2022.  In 2019, N.C. bought a house, in Redwood City, where she and E.K. lived until their split.  Although E.K. asserts that he paid half of the down payment and closing costs,

---

[1] Undesignated statutory references are to the Family Code.

pursuant to an agreement that the two would own the property 50/50, title to the house remains in N.C.'s name alone.

In November 2022, N.C. filed a request for a domestic violence restraining order. At an evidentiary hearing, held in March 2023, N.C. testified that, on October 28, 2022, she and E.K. argued about title to the Redwood City house. E.K. shoved her, slashed her car tire, and told her "you're asking for it" during the argument. Finding abuse occurred, the trial court issued a three-year restraining order in N.C.'s favor. That order is now final. (Cal. Rules of Court, rule 8.104(a).)

Although N.C. did *not* check the relevant box on the restraining order request form to indicate that she was asking for E.K. to pay her attorney fees,[2] she did indicate she was seeking payment of her fees in her short cause trial statement and trial brief. At the conclusion of the restraining order hearing, the trial court initially indicated (on the record) that the parties should bear their own fees. N.C.'s counsel pointed out that section 6344 had been recently amended and argued that an award of attorney fees was now mandatory, under the revised statute, as N.C. had prevailed on a request for a domestic violence restraining order. The court continued resolution of the fees issue to give the parties time to brief it.

In her briefing, N.C. argued that the court is now obliged to award attorney fees to a prevailing petitioner, in a domestic violence restraining order case, so long as the court finds the abuser has the ability to pay. (See § 6344, subds. (a), (c).) She supported her fee request—totaling $24,601.14—with a declaration from the associate working on her case, Jaymi Salisbury, as well as counsel's billing statements. Salisbury stated that $24,601.14 was the total amount of fees N.C.

---

[2] Nor did she provide the required Income and Expense Declaration (Judicial Council Forms, form FL-150).

incurred, since November 2022, in securing a domestic violence protection order.  In our record, the billing statements attached as an exhibit to Salisbury's declaration are heavily redacted.

With respect to E.K.'s ability to pay, Salisbury's declaration recited:  "[N.C.] understands and believes that [E.K.] has access to large sums of money, and is gainfully employed in the mortgage and loans industry.  [N.C.] is also aware that [E.K.] has several LLCs . . . in addition to a four-plex rental property in Campbell and a duplex in Redwood City.  [E.K.] represented to [N.C.] that he has at least $250,000 in liquid assets."

E.K. opposed N.C.'s attorney fee motion, arguing that such an award remained discretionary under the former version of section 6344, that he was unable to pay the amount that N.C. requested, and that the amount sought was unreasonable and "unjustified by [N.C.'s] redacted and cryptic documentation."

In his declaration in support of the opposition, E.K. stated that he had recently been on a medical leave of absence from work due to mental health challenges.  He also stated, "I do not have access to large sums of money as [N.C.] alleges and have been depending on loans and credit cards to survive for now and have also suffered from over $12,000 in hotel and Airbnb charges since the beginning of November."  He admitted owning two rental properties but said that one of them "ha[d] been running on a deficit" ever since he took a loan against it to purchase the Redwood City house with N.C.  In a supplemental declaration, E.K. stated that "[a]ll of [his] money was sunk into [his] relationship" with N.C. and that her actions "had essentially left [him] homeless" and "unable to work."

After a hearing on July 14, 2023 (where no oral testimony was taken), the court awarded N.C. $20,000—to be paid by E.K.

3

in monthly installments of $750.[3]  The trial court explained that the amendments to section 6344, effective on January 1, 2023, "apply retroactively" to N.C.'s petition for restraining order even though it was filed in November 2022.  The court also found, "[E.K.] does have the ability to pay.  Not enough evidence was shown . . . regarding the issue of [E.K.] not having the ability to pay [to support his claims of homelessness or bankruptcy].  It's not the Court's job to invite [E.K.] to testify. . . . The attorney's job is to put him on the stand, testify if he wants; bring up any evidence that he wants to show, for the Court to consider.  That didn't happen here."

## DISCUSSION

E.K. contends the trial court erred because it misconstrued a newly revised version of section 6344 as applying to N.C.'s fee request even though her request for a domestic violence restraining order was filed before the amendment's effective date.  E.K. also argues that even if the amended statute applies, the trial court abused its discretion in ordering him to pay $20,000 in fees because substantial evidence does not support ability to pay and reasonableness findings.  He is wrong on all three points.

### A.

We review an attorney fee award for an abuse of discretion. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.)  Under this standard, we uphold any findings of fact supported by substantial evidence and will not reverse the court's order unless, considering all the evidence viewed most favorably in support of the order, no judge could reasonably make the challenged order.

---

[3] E.K.'s counsel did not call E.K. to testify.  But he made an offer of proof that E.K.'s "rental property" produces a loss, that he was homeless, and that he had taken on credit card debt and other loans (totaling more than $90,000) to pay his own legal fees and living expenses.

4

(*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.) However, we independently review the trial court's statutory interpretation. (*In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 201.)

On appeal, we must presume the trial court's order is correct and that the evidence is sufficient to support its factual findings. (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1667.) The appellant bears the burden of affirmatively demonstrating error. (*Howard*, at p. 443; *Gould v. Corinthian Colleges, Inc.* (2011) 192 Cal.App.4th 1176, 1181.) To do so, the appellant must provide an adequate record (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348) along with reasoned and intelligible legal argument supported by references to the record and to pertinent authority. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; Cal. Rules of Court, rules 8.204(a)(1)(B)-(C).)

### B.

E.K. first maintains that the trial court misconstrued the revised version of section 6344. We disagree.

### 1.

"Section 6344 provides authority for courts to award attorney's fees to prevailing parties in actions brought pursuant to the Domestic Violence Prevention Act (§ 6200 et seq.)." (*Dragones v. Calkins* (2024) 98 Cal.App.5th 1075, 1079 (*Dragones*).) After E.K. filed her restraining order petition in the trial court, but before the trial court ruled on her fees request, the Legislature repealed the prior version of section 6344 and enacted a new section 6344, effective January 1, 2023. (Stats. 2022, ch. 591, §§ 1-2; *Dragones,* at p. 1079.) Section 6344, subdivision (a), now provides: "After notice and a hearing, a

5

court, upon request, *shall* issue an order for the payment of attorney's fees and costs for a prevailing petitioner." (Italics added.) "Before a court awards attorney's fees and costs" under this provision, "the *court shall first* determine pursuant to Section 270 that the party ordered to pay has, or is reasonably likely to have, the ability to pay." (§ 6344, subd. (c), italics added.)

The former version of the statute provided: "(a) After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party. [¶] (b) In any action in which the petitioner is the prevailing party and cannot afford to pay for the attorney's fees and costs, the court shall, if appropriate based on the parties' respective abilities to pay, order that the respondent pay petitioner's attorney's fees and costs for commencing and maintaining the proceeding. Whether the respondent shall be ordered to pay attorney's fees and costs for the prevailing petitioner, and what amount shall be paid, shall be determined based upon (1) the respective incomes and needs of the parties, and (2) any factors affecting the parties' respective abilities to pay." (Former § 6344, as amended by Stats. 2004, ch. 472, § 6, eff. Jan. 1, 2005.) Thus, "a prevailing petitioner's right to recover attorney's fees [previously] depended on the petitioner's demonstrated inability to pay fees and a disparity in income between the parties." (*Dragones, supra*, 98 Cal.App.5th at p. 1080.)

## 2.

In suggesting that the revised version of section 6344 does not apply to this case or, alternatively, that an award of fees remains discretionary under the current statute, E.K.'s opening brief relies on the current and former versions of the statute itself and an (overly long) discussion of the well-established cannons governing the construction of statutes generally.

E.K.'s counsel entirely fails to cite the most relevant authority—two cases that are directly contrary to E.K.'s position

in this case.  (See *In re Marriage of Fellows* (2006) 39 Cal.4th 179, 186 [§ 4, subd. (c), "establishes that amendments to the Family Code apply retroactively unless otherwise provided by law"]; *Dragones, supra*, 98 Cal.App.5th at p. 1079 [revised version of § 6344 "applies retroactively to all cases pending on its effective date"]; *id*. at pp. 1081-1082 [revised version of § 6344 mandates award of fees to prevailing petitioner if respondent is able to pay], 1085.)  We are troubled by counsel's failure to acknowledge this authority.  (See *Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82, fn. 9, disapproved on another point in *McWilliams v. City of Long Beach* (2013) 56 Cal.4th 613, 626.)

We are wholly unpersuaded by E.K.'s (conclusory) argument that we should construe section 6344 as providing the courts, after making an ability to pay finding, with discretion to deny an attorney fee award to a prevailing petitioner.  The *Dragones* court held that revised section 6344 applies to all cases pending on January 1, 2023 and "makes it easier for a prevailing petitioner to obtain fees" (*Dragones, supra*, 98 Cal.App.5th at p. 1079) by "requir[ing] the court to award fees to a prevailing petitioner, subject only to the respondent's ability to pay."  (*Id*. at p. 1081.)  E.K. does not argue that the *Dragones* court's reasoning requires reexamination or present any other argument for why *Dragones* (and *In re Marriage of Fellows, supra*, 39 Cal.4th at p. 186) should not control here.  Accordingly, we agree with N.C. that the court must award attorney fees to a prevailing petitioner if the court finds the respondent has, or is reasonably likely to have, the ability to pay the amount awarded.  (*Dragones,* at p. 1081; accord, § 6344, subds. (a), (c).)

N.C. prevailed on her request for a domestic violence restraining order.  Thus, the trial court did not err in concluding that she was entitled to request and (after January 1, 2023) receive attorney's fees that E.K. had a reasonable ability to pay.

7

## C.

E.K. also argues that the trial court abused its discretion in awarding fees in the amount of $20,000 for two reasons—because no substantial evidence supports the trial court's implicit finding such an award is reasonable and because there is no substantial evidence that E.K. is able to pay that amount. (See *Dragones, supra,* 98 Cal.App.5th at p. 1081; *id.* at p. 1085.)

## 1.

" 'We apply an abuse of discretion standard in reviewing the amount of an attorney fee award. [Citation.] "[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances." [Citation.] "The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination." ' " (*Dragones, supra*, 98 Cal.App.5th at p. 1085.)

" 'A trial court may not rubberstamp a request for attorney fees, but must determine the number of hours reasonably expended.' " (*Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1325.) To the extent a trial court's finding is derived from its credibility evaluation, we must defer to its assessment. (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1172.)

## 2.

E.K. contends there is no substantial evidence to support the reasonableness of the trial court's award because of the redactions in N.C.'s attorneys' billing statements. However, E.K. offers no authority to support his position. Thus, E.K. has not

met his burden to show error. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Hernandez, supra*, 37 Cal.App.5th at p. 277; *In re S.C.* (2006) 138 Cal.App.4th 396, 408.) It is not our role to construct arguments on appellant's behalf. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Furthermore, detailed billing timesheets are not required to support an award of attorney fees. (*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 254-255, disapproved on other grounds by *Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 269-270.) "[D]eclarations evidencing the reasonable hourly rate for [the attorneys'] services and establishing the number of hours spent working on the case" are sufficient. (*Wershba,* at pp. 254-255; accord, *Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559 ["[t]estimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records"].)

Here, N.C.'s attorney (Salisbury) declared that N.C. incurred a total of $24,601.14 in attorney fees for the restraining order. Salisbury provided her hourly rate ($345) as well as that of N.C.'s lead attorney, a certified family law specialist ($545). Salisbury further stated that "[a]ll of these fees relate to [N.C.]'s obtaining a domestic violence restraining order, as that is the only issue in this case, and our office does not represent her on any other matters." Importantly, the trial court was familiar with the case—having presided over the hearing on the domestic violence order—and therefore in the best position to determine the reasonableness of the fees. (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 148.)

9

Although the billing statements included in the record before us are heavily redacted,[4] we can discern that roughly 60 attorney hours were spent in obtaining the restraining order. The record also suggests—but ultimately is unclear—that N.C. provided unredacted billing records, which are not before us, to the trial court. We assume that E.K. has presented an adequate record on appeal.

In the end, we conclude that—in a case like this where no apportionment is required— the Salisbury declaration, redacted billing records, and the trial court's own knowledge of the litigation are sufficient to support the court's implicit reasonableness finding. (See *Concepcion v. Amscan Holdings, Inc., supra,* 223 Cal.App.4th at pp. 1324, 1327 [" ' "absence of time records and billing statements [does not deprive a] trial court of substantial evidence to support an award" ' "]; *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698 ["[i]t is well established that 'California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent' "].)

**3.**

E.K. supports his related argument—that the trial court's ability to pay finding is not supported by substantial evidence—by pointing out that Salisbury's declaration is based on information and belief. In fact, Salisbury's declaration stated

---

[4] The statements consist of columns listing dates on which services were provided, the initials of the person providing them, and the hours expended. However, in the "[d]escription" column, the description of the task on which the time was spent, is almost entirely redacted and only a word or two is left—for example, "[c]ontact" or "[r]eview," "[e]mail to," or "[c]onference with."

*N.C.*'s *belief* that E.K. "has access to large sums of money" and owns several properties producing rental income. N.C. herself did not file a declaration.

E.K. argues that statements on information and belief do not constitute substantial evidence. But, again, E.K.'s counsel cites no authority to support that proposition and thereby fails to meet his burden to demonstrate error. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Hernandez, supra*, 37 Cal.App.5th at p. 277.) The argument is doubly forfeited because E.K. raised no objection to Salisbury's declaration in the trial court. (*In re Marriage of Schleich* (2017) 8 Cal.App.5th 267, 293; *People v. Engstrom* (2011) 201 Cal.App.4th 174, 184.)

E.K.'s own declaration, moreover, indicates that he does have assets and earning capacity. E.K. confirms that he owns two rental properties. Although one of his rental properties operates at an unspecified "deficit," the other is a house in Redwood City occupied by tenants. And although he states he was then on medical leave from work, he admits earning up to $120,000 annually from his employment.

E.K. also makes a series of vague assertions that purportedly demonstrate he is not reasonably likely to be able to pay $20,000 in fees. As the trial court observed, this evidence falls short. E.K. denies that he has "access to large sums of money as [N.C.] alleges." Yet he claims that he "incurred . . . expenses" of $430,000 ("[a]ll of my money") on the house that he allegedly co-owns with N.C. and on their wedding ceremony. He also avers that N.C. "stole" another $20,000 in cash that he kept in his home office. Other than a loan for about $93,000 against one of his rental properties, he does not explain the source of these funds. He says he has incurred other expenses for housing and medical costs without explaining whether these are paid or outstanding debts. He provides no bank or credit card statements and no specific information on the two rental

11

properties' income, expenses, or equity. In short, E.K. did not come close to giving the trial court a complete picture of his finances or ability to pay.

Given this mixed record, E.K. has not shown that the trial court abused its discretion by awarding $20,000, which is $4,601.14 less than N.C. requested. Substantial evidence supports the trial court's finding that E.K. is reasonably likely to have the ability to pay a $20,000 fee award in monthly installments of $750. (See *In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 394-396 [no error in finding currently unemployed husband, with earning capacity of over $155,000 per year, had ability to pay portion of wife's need-based attorney fees]; *In re Marriage of Hofer* (2012) 208 Cal.App.4th 454, 460 [no authority "prohibits the trial court from making orders that require a party to borrow money [to pay fees] under appropriate circumstances"]; cf. *Dragones, supra*, 98 Cal.App.5th at p. 1086 ["reduced fee amount and the installment structure indicate that the fee award resulted from the court's exercise of discretion after considering the facts of the case, including [the respondent's] limited income"].)

## DISPOSITION

The trial court's attorney fees order is affirmed. N.C. is entitled to recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

BURNS, J.

WE CONCUR:

SIMONS, ACTING P.J.
CHOU, J.

*N.C. v. E.K. (A168682)*

12